**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JUDY L. ANDERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 07-2343-KHV** |
| **BLUE CROSS & BLUE SHIELD OF** ) | |
| **KANSAS, INC. and CAPITAL** ) | |
| **ADVANTAGE INSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

**ORDER AND ORDER TO SHOW CAUSE**

This matter is before the Court on Defendant Blue Cross And Blue Shield Of Kansas, Inc.'s Motion To Dismiss (Doc. #7) filed September 11, 2007.  Pursuant to D. Kan. Rule 6.1(d)(1), plaintiff had until October 5, 2007 to respond to the motion.  Pursuant to D. Kan. Rule 7.4, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  For this reason and substantially the reasons stated in Defendant Blue Cross And Blue Shield Of Kansas, Inc.'s Memorandum In Support Of Motion To Dismiss (Doc. #8), the Court sustains the motion to dismiss.[1]  Blue Cross & Blue Shield is therefore dismissed as a defendant in

---

[1] As part of its motion to dismiss, Blue Cross & Blue Shield of Kansas, Inc. ("Blue Cross & Blue Shield) also seeks attorney fees and expenses which it incurred in filing the motion. Blue Cross & Blue Shield does not cite any authority for such relief. To the extent defendant seeks sanctions under Rule 11, Fed. R. Civ. P., the Court overrules the request. Rule 11 sets forth certain procedural requirements for parties seeking sanctions. See Fed. R. Civ. P. 11(c)(1)(A). The moving party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct which allegedly violates Rule 11(b). See id. The moving party must serve the motion on the opposing party. See id. If the offending party does not withdraw the challenged document or conduct after 21 days, the moving party may file its motion for sanctions
(continued...)

this case.

Capital Advantage Insurance Company is the second defendant in this suit, which plaintiff filed on June 19, 2007 in the District Court of Bourbon County, Kansas.  On August 2, 2007, Blue Cross & Blue Shield removed the case to this Court.  The record does not reflect that service of the summons or complaint has been accomplished on Capital Advantage Insurance Company.[2]  In all removed cases in which one or more of the defendants has not been served with process, such process or service may be completed or new process issued in the same manner as in cases originally filed in this Court.  28 U.S.C. § 1448.  Under Rule 4(m), Fed. R. Civ. P., plaintiff must complete service within 120 days after filing of the notice of removal.[3]  See Mo. Franchise Dev. Sys., LLC v. McCord, No. 07-cv-00099-DRH-DGW, 2007 WL 3085961, at *1 (S.D. Ill. Oct. 22, 2007); Cowen v. Am. Med. Sys., Inc., 411 F. Supp.2d 717, 721 (E.D. Mich. 2006); Bruley v. Lincoln Prop. Co.,

---

[1](...continued)
with the court.  See id.  The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory.  Aerotech, Inc. v. Estes, 110 F.3d 1523, 1529 (10th Cir. 1997) (citing Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995)).  These provisions are intended to provide a "safe harbor" against Rule 11 motions, so that a party will not be subject to sanctions unless, after motion, it refuses to withdraw a frivolous position or acknowledge that it does not currently have evidence to support a specified allegation.  Advisory Committee Notes to 1993 Amendments, Fed. R. Civ. P. 11.  Because defendant did not file its motion for sanctions as a separate motion and has provided no evidence that it complied with the Rule 11 safe harbor provision, the Court overrules defendant's request.

[2]     In its notice of removal, Blue Cross & Blue Shield noted that Capital Advantage Insurance Company had not been served with process.  See Notice Of Removal (Doc. #1) at 1 n.1.

[3]     Rule 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.

Fed. R. Civ. P. 4(m).

N.C., Inc., 140 F.R.D. 452, 453-54 (D. Colo. 1991).  The Court therefore orders plaintiff to show cause in writing on or before **January 30, 2008** why her claims against Capital Advantage Insurance Company should not be dismissed without prejudice for lack of prosecution.

**IT IS THEREFORE ORDERED** that Defendant Blue Cross And Blue Shield Of Kansas, Inc.'s Motion To Dismiss (Doc. #7) filed September 11, 2007 be and hereby is **SUSTAINED**.  Pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court dismisses plaintiff's claims against Blue Cross & Blue Shield of Kansas, Inc.

**IT IS FURTHER ORDERED that on or before January 30, 2008, plaintiff show cause in writing why her claims against Capital Advantage Insurance Company should not be dismissed without prejudice for lack of prosecution.**

Dated this 14th day of January, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court