IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUDY L. ANDERSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-2343-KHV |
| BLUE CROSS & BLUE SHIELD OF ) | |
| KANSAS, INC. and CAPITAL ) | |
| ADVANTAGE INSURANCE COMPANY, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

On June 19, 2007, in the District Court of Bourbon County, Kansas, plaintiff filed suit against Blue Cross & Blue Shield of Kansas, Inc. ("Blue Cross & Blue Shield") and Capital Advantage Insurance Company. On August 2, 2007, Blue Cross & Blue Shield removed the case to this Court. This matter is before the Court on plaintiff's Motion For Extension Of Time To Respond To Respondent's Motion To Dismiss (Doc. #11) filed February 11, 2008.

On January 14, 2008, the Court sustained the motion to dismiss filed by Blue Cross & Blue Shield. See Order And Order To Show Cause (Doc. #10). Accordingly, the Court overrules plaintiff's motion for extension of time to file a response as moot. To the extent plaintiff's motion could be construed as a motion to reconsider, the Court overrules it. The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second

opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). Plaintiff's motion does not address any of the above grounds. Because plaintiff has not shown excusable neglect and her motion is untimely, the Court finds that reconsideration is not necessary to correct clear error or prevent manifest injustice.

D. Kan. Rule 6.1(a) provides that extensions of time "will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect." D. Kan. Rule 6.1(a). Excusable neglect is an elastic concept, and is not limited strictly to omissions caused by circumstances beyond the control of the movant. Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). Factors relevant in determining excusable neglect include (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. Id.

Here, plaintiff seeks an unspecified extension of time to respond to the motion to dismiss filed by Blue Cross & Blue Shield on September 11, 2007.[1] See Defendant Blue Cross And Blue Shield Of Kansas, Inc.'s Motion To Dismiss (Doc. #7). Blue Cross & Blue Shield has not shown specific prejudice from such a delay, but because the Court already sustained the motion to dismiss

---

[1] On February 21, 2008, plaintiff filed a memorandum in opposition to defendant's motion to dismiss. See Doc. #13.

-2-

which was well taken, justice delayed would be justice denied. The length of the delay to brief a motion to dismiss (four months and after the Court has ruled on the motion) will significantly disrupt judicial proceedings. The record contains no evidence that plaintiff acted in bad faith. Even so, the third factor, i.e. the reason for the delay strongly weighs in favor of Blue Cross & Blue Shield. The Tenth Circuit has noted that "fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable." City of Chanute, Kan. v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994), cert. denied, 513 U.S. 1191 (1995). Although the Supreme Court has noted that "excusable neglect" may encompass some situations in which the failure to comply with a deadline is attributable to negligence, Pioneer, 507 U.S. at 394, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," id. at 392. Accordingly, even absent prejudice to the opposing party or disruption of judicial proceedings, a party's failure to read and follow the plain terms of the federal rules does not constitute excusable neglect. See Halicki v. La. Casino Cruises, Inc., 151 F.3d 465, 469-70 (5th Cir. 1998), cert. denied, 526 U.S. 1005 (1999); Prizevoits v. Ind. Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996); United States v. Andrews, 790 F.2d 803, 806 (10th Cir.1986), cert. denied, 481 U.S. 1018 (1987).

Here, Blue Cross & Blue Shield filed its motion to dismiss on September 11, 2007. Plaintiff's counsel states that in January (four months later), he and his son experienced health problems and he was unable to attend to business matters in a timely manner. See Motion For Extension (Doc. #11) at 2. Plaintiff's counsel suggests that at some point, he had an incomplete copy of the pleadings in the case so he applied for access to electronically file documents. See id. at 1. The Clerk's Office reports that because plaintiff's counsel's bar status was inactive, he re-

applied for electronic access on January 14, 2008, some five months after Blue Cross & Blue Shield removed the case to federal court. Plaintiff's counsel offers no reason why he let his bar admission lapse and why he did not sign up for electronic access before January of 2008. More importantly, counsel does not address when he received notice of the motion to dismiss filed by Blue Cross & Blue Shield. The record reflects that on September 11, 2007, plaintiff's counsel received electronic notification of the motion to dismiss and supporting memorandum, and on October 19, 2007, he received electronic notification of defendant's supplemental brief, which notified the Court that the motion was uncontested.[2] Plaintiff offers no reason why he did not respond to the motion to dismiss or seek an extension of time before January of 2008. The Court therefore overrules plaintiff's motion for extension of time (Doc. #11).

**IT IS SO ORDERED.**

Dated this 5th day of March, 2008 at Kansas City, Kansas.

                                                                           s/ Kathryn H. Vratil
                                                                           KATHRYN H. VRATIL
                                                                           United States District Court

---

[2] The record also reflects that Blue Cross & Blue Shield served a copy of the motion and supporting memorandum on plaintiff's counsel by first class mail on September 11, 2007. In addition, on October 19, 2007, Blue Cross & Blue Shield served on plaintiff's counsel by first class mail a copy of the supplemental brief.