IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUDY L. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-2343-KHV |
| BLUE CROSS & BLUE SHIELD OF ) | |
| KANSAS, INC. and CAPITAL ) | |
| ADVANTAGE INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## ORDER

On June 19, 2007, in the District Court of Bourbon County, Kansas, plaintiff filed suit against Blue Cross & Blue Shield of Kansas, Inc. ("Blue Cross & Blue Shield") and Capital Advantage Insurance Company. On August 2, 2007, Blue Cross & Blue Shield removed the case to this Court. As of January 14, 2008, the files and records of the Court did not disclose that service of the summons and complaint had been accomplished under Fed. R. Civ. P. 4(m).[1] The Court therefore ordered plaintiff to show cause in writing why her claims against Capital Advantage

---

[1] That rule provides as follows:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In all removed cases in which one or more of the defendants has not been served with process, such process or service may be completed or new process issued in the same manner as in cases originally filed in this Court. 28 U.S.C. § 1448. Under Rule 4(m), Fed. R. Civ. P., plaintiff must complete service within 120 days after filing of the notice of removal. See Mo. Franchise Dev. Sys., LLC v. McCord, No. 07-cv-00099-DRH-DGW, 2007 WL 3085961, at *1 (S.D. Ill. Oct. 22, 2007); Cowen v. Am. Med. Sys., Inc., 411 F. Supp.2d 717, 721 (E.D. Mich. 2006); Bruley v. Lincoln Prop. Co., N.C., Inc., 140 F.R.D. 452, 453-54 (D. Colo. 1991).

Insurance Company should not be dismissed without prejudice for lack of prosecution. See <u>Order And Order To Show Cause</u> (Doc. #10).

Plaintiff has not responded to the show cause order. The Court therefore finds that plaintiff's claims against Capital Advantage Insurance Company should be dismissed in their entirety without prejudice.[2]

**IT IS SO ORDERED.**

Dated this 5th day of March, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

---

[2] On January 14, 2008, pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court dismissed plaintiff's claims against Blue Cross & Blue Shield.

-2-